**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

---

| | |
|---|---|
| SERGIO ANDRES PINEDA HOME | CIVIL ACTION NO. 26-2600 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN, RIVER CORRECTIONAL CENTER, ET AL | MAGISTRATE JUDGE HORNSBY |

---

**ORDER**

Sergio Andres Pineda Home ("Petitioner") has filed a petition for a writ of habeas corpus. Record Document 14. The habeas petition is **REFERRED** to the Magistrate Judge for recommendation. Record Document 14. Petitioner has filed two emergency motions for temporary restraining order. Record Documents 12, 13. The motions raise similar arguments and requests for relief; therefore, the Court will address them together. For the following reasons, the two emergency motions for temporary restraining order are **DENIED**. Record Documents 12, 13.

Petitioner's motions for temporary restraining order turn on his requests for either immediate release or a bond hearing. *See, e.g.*, Record Document 12 at 3. As such, Petitioner's motions mirror the same relief demanded in his habeas petition. "Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now…The Court will not allow Petitioner to commit an end-run around the habeas process." *Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025).

In one motion for temporary restraining order, Record Document 13, Petitioner seeks a temporary stay of his removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026).

Moreover, although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" Petitioner has not alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status).

The Petitioner also asks for an order prohibiting his transfer to another jurisdiction. Record Document 13 at 2. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Accordingly, the emergency motions for temporary restraining order, Record Documents 12, 13, are DENIED.

**DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE